```
_____ FILED     _____ ENTERED
_____ LODGED    _____ RECEIVED

        SEP 06 2005        ES

              AT SEATTLE
        CLERK U.S. DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TILA MORTGAGE INC., | Cause No. **C05-1525** RSM |
| Plaintiff, | COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES |
| vs. | |
| BENCHMARK LENDING GROUP, INC., HOME MORTGAGE ASSOCIATES, INC., QUICKEN LOANS, INC. and SEATTLE MUTUAL MORTGAGE, LLC | |
| Defendants. | 05-CV-01525-CMP |

COMES NOW, plaintiff TILA Mortgage, Inc. (hereinafter "TILA Mortgage"), by its undersigned attorney, and alleges as follows:

### I. NATURE OF ACTION AND JURISDICTION

Jurisdiction is based on RCW 4.12.025.

COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES - 1

GREGORY P. CAVAGNARO
ATTORNEY AT LAW
11100 NE 8th Street, Suite 340
Bellevue, WA 98004
Tel: (425) 637-2609

1.1    At all times material hereto, defendant Benchmark Lending Group Inc., (hereinafter "Benchmark") advertised on the radio and transacted business in King County, Washington.

1.2    At all times material hereto, defendant Home Mortgage Associates, Inc., (hereinafter "Home Mortgage") advertised on the radio and transacted business in King County, Washington.

1.3    At all times material hereto, defendant Quicken Loans Inc., (hereinafter "Quicken") advertised on the radio and television and transacted business in King County, Washington.

1.4    At all times material hereto, defendant Seattle Mutual Mortgage, LLC (hereinafter "Seattle Mutual"), advertised on the radio and television and transacted business in King County, Washington.

1.5    Venue is proper in the Superior Court of King County, Washington under RCW 4.12.025. Jurisdiction of this court is proper under RCW 4.12.025.

## II.    PARTIES

2.1    The Plaintiff, TILA Mortgage, resides in King County, Washington and is a licensed mortgage broker in Washington State. Plaintiff reserves the right to amend its complaint to and add similarly situated parties/plaintiffs to this lawsuit.

2.2    Defendant Benchmark Lending Group, Inc. is a California corporation that engages in the business of advertising, soliciting, marketing, and brokering mortgage loans. Benchmark is a consumer loan company in Washington State under the provisions of RCW Chapter 31.04. Its principal place of business is 120 Stony Point Road, Suite 210, Santa Rosa, California. Benchmark Lending transacts business in King County, Washington.

COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES - 2

GREGORY P. CAVAGNARO
ATTORNEY AT LAW
11100 NE 8th Street, Suite 340
Bellevue, WA 98004
Tel: (425) 637-2609

2.3    Defendant Home Mortgage Associates, Inc. is a Washington corporation that engages in the business of advertising, soliciting, marketing, and brokering mortgage loans. Home Mortgage is a licensed mortgage broker in Washington State. Its principal place of business is 3131 Western Avenue, Suite 501 Seattle, Washington 98121. Home Mortgage transacts business in King County, Washington.

2.4    Defendant Quicken Loans, Inc. is a Michigan corporation that engages in the business of advertising, soliciting, marketing, and brokering mortgage loans. Quicken is a consumer loan company in Washington State under the provisions of RCW Chapter 31.04. Its principal place of business is 800 Tower Drive, Suite 200 Troy, Michigan 48098. Defendant Quicken transacts business in King County, Washington.

2.5    Defendant Seattle Mutual Mortgage, LLC (hereinafter "Seattle Mutual") is a Washington corporation that engages in the business of advertising, soliciting, marketing, and brokering loans. Seattle Mutual is a licensed mortgage broker in Washington State. Its principal place of business is 941 Powell Ave SW, Suite 150, Renton Washington 98055. Defendant Latitude transacts business in king County Washington.

### III.  TRADE AND COMMERCE

3.1 At all times material to this complaint, the Defendant's course of business, including the acts or practices alleged herein, has been in the course of or affecting trade or commerce, in King County, Washington as "trade" or "commerce" is defined in RCW 19.86.020 (2).

### IV.  DEFENDANTS' BUSINESS PRACTICE

4.1    Benchmark Lending operates as a consumer loan company under the provisions of RCW Chapter 31.04. It advertises, solicits, markets, and brokers mortgage

COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES - 3

GREGORY P. CAVAGNARO
ATTORNEY AT LAW
11100 NE 8th Street, Suite 340
Bellevue, WA 98004
Tel: (425) 637-2609

loans as well as acts as a direct lender. The company completes loan applications on behalf of borrowers and submits them to one or more lenders.

4.2  Prior to March 2005, Benchmark sponsored radio advertisements on KIRO radio, a Seattle, Washington radio station advertising to consumers the availability of home mortgage loans. After March of 2005, Benchmark sponsored subsequent radio advertisements on KIRO, and other Seattle area radio stations. Concurrently Defendant advertised at its website.

4.3  In its first advertisement, Benchmark advertised a "new" loan program called the freedom loan. Benchmark advertised that the freedom loan offers "a payment as low as 1%" and "allows you to choose how much you will pay each month". In its first advertisement, Benchmark further represented that if you have a "little more money you can pay just the interest. If you've got excess cash you've got the freedom to pay the principal down as much as you like. It's your choice every month."

4.4  In subsequent advertisement, Benchmark advertised the freedom loan with "payments as low as 1%". It further states "Consider this; the minimum payment on a mortgage of $250,000.00 is only $804 a month. The minimum payment for a $350,000.00 loan is only $1,125.00 a month. Hey, if we can't save you at least $500.00 a month, we won't even bother.

4.5  On or about March 24, 2005 Plaintiff provided a letter to Benchmark informing Defendant Benchmark that its KIRO radio advertising was misleading and deceptive and demanded that it cease and desist such advertising. Defendant received Plaintiff's March 24, 2005 letter, yet it failed to respond to Plaintiff and did not cease its misleading and deceptive advertising.

COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES - 4

GREGORY P. CAVAGNARO
ATTORNEY AT LAW
11100 NE 8th Street, Suite 340
Bellevue, WA 98004
Tel: (425) 637-2609

## CLAIM ALLEGATIONS

## V. First Cause of Action

5.1  Plaintiff re-alleges paragraphs 1.1 through 4.5 above.

5.2  In the course and conduct of advertising and offering credit Defendant Benchmark has represented, expressly or by implication, that consumers could obtain a loan through Benchmark on specified terms, including, but not limited to:

5.3
- A. a fixed rate and/or fixed payment for the full term of the loan;
- B. a loan in which the minimum payment amount specified covers both interest and principal;
- C. a loan with a specific payment schedule, interest rate, and/or APR;
- D. a loan in which the APR remains constant throughout its life term.

5.4  In truth and in fact, Benchmark's advertisements are in violation of, but not limited to, Regulation Z of the Truth in Lending Act as a result of, but not limited to:

- A. stating the advertised simple annual or periodic rate more conspicuously than the associated annual percentage rate (APR);
- B. stating payment amounts (both as a percentage and dollar amount) and then failing to disclose:
    1) the amount or percentage of the required down-payment,
    2) the terms of repayment including the number, timing, and amount of the payments scheduled to repay the debt;
- C. stating the period of repayment and then failing to disclose:
    1) the amount or percentage of the required down-payment,

COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES - 5

GREGORY P. CAVAGNARO
ATTORNEY AT LAW
11100 NE 8th Street, Suite 340
Bellevue, WA 98004
Tel: (425) 637-2609

        2)   the terms of repayment including the number, timing, and amount of the payments scheduled to repay the debt;

D.     stating an "effective" interest rate for a negative amortized loan without disclosing:

        1)   the term of the reduced payments,

        2)   the "note rate" at which interest is actually accruing;

E.     failing to state that the advertised annual percentage rate (APR) can increase after consummation of the loan when such is in fact the case,

F.     stating literally false payment amounts,

G.     omitting material information including, but not limited to, failing to disclose advertised loans are subject to negative amortization.

This additional information would have been material to consumers in deciding whether to apply for and obtain a loan through Benchmark. The failure to disclose, or to disclose adequately, this information in light of the representations made was and is a deceptive practice.

5.5     Defendant's practices constitute unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce in violation of RCW 19.86.020.

## VI. Second Cause of Action

6.1     Plaintiff re-alleges paragraphs 1.1 through 5.5 above.

6.2     The contents of the radio and website advertising of Defendant Benchmark was at all time material thereto an unfair and deceptive act or practice in or affecting commerce in violation of RCW Chapter 31.04, et al.

COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES - 6

GREGORY P. CAVAGNARO
ATTORNEY AT LAW
11100 NE 8th Street, Suite 340
Bellevue, WA 98004
Tel: (425) 637-2609

## VII. Third Cause of Action

7.1     Home Mortgage operates as a mortgage broker. It advertises, solicits, markets, and brokers mortgage loans. The company completes loan applications on behalf of borrowers and submits them to one or more lenders.

7.2     At least, throughout 2005 and up to the date of the filing of this complaint Home Mortgage sponsored radio advertisements on KIRO radio, a Seattle, Washington radio station and other Seattle area radio stations advertising to consumers the availability of home mortgage loans. Home Mortgage also advertised throughout this period at its website.

7.3     In its radio advertisement, Home Mortgage advertised, "We have a five-year fixed payment program - a $300,000 loan starts as low as 869, 400,000 1159, 500,000 1449," as well as other representations.

7.4     In the course and conduct of advertising and offering credit (including, but not necessarily limited to, the exhibits attached hereto), Defendant Home Mortgage has represented, expressly or by implication, that consumers could obtain a loan through Home Mortgage on specified terms, including, but not limited to:

    A.     a fixed rate and/or fixed payment for the full term of the loan;

    B.     a loan in which the payment amount specified covers both interest and principal;

    C.     a loan in which the principal balance owed cannot increase;

    D.     a loan with a specific payment schedule, interest rate, and/or APR;

    E.     a loan in which the APR remains constant throughout the term of the loan.

COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES - 7

GREGORY P. CAVAGNARO
ATTORNEY AT LAW
11100 NE 8th Street, Suite 340
Bellevue, WA 98004
Tel: (425) 637-2609

7.4   In truth and in fact, Home Mortgage's advertisements are in violation of, but not limited to, Regulation Z of the Truth in Lending Act as a result of, but not limited to:

    A.   stating payment amounts and then failing to disclose:

        1) the amount or percentage of the required down-payment,

        2) the terms of repayment including the number, timing, and amount of the payments scheduled to repay the debt,

        3) the "annual percentage rate," using that term or the abbreviation "APR",

        4) that the annual percentage rate (APR) may increase after consummation of the loan when such is in fact the case.

    B.   advertising payment amounts for discounted variable rate mortgages without disclosing the limited term for which they apply,

    C.   stating false annual percentage rates (APR's)

    D.   omitting material information including, but not limited to, failing to disclose advertised loans are subject to negative amortization.

This additional information would have been material to consumers in deciding whether to apply for and obtain a loan through Home Mortgage. The failure to disclose, or to disclose adequately, this information in light of the representations made was and is a deceptive practice.

7.5   Defendant's practices constitute unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce in violation of RCW 19. 86.020.

## VIII. Fourth Cause of Action

8.1   Plaintiff re-alleges paragraphs 1.1 through 5.5 above.

COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES - 8

GREGORY P. CAVAGNARO
ATTORNEY AT LAW
11100 NE 8th Street, Suite 340
Bellevue, WA 98004
Tel: (425) 637-2609

8.2    The contents of the radio advertising and website advertising of Defendant Home Mortgage was at all time material thereto an unfair and deceptive act or practice in or affecting commerce in violation of RCW 19.146.0201.

### IX. Fifth Cause of Action

Plaintiff re-alleges paragraphs 1.1 through 8.2 above.

9.1    Quicken operates as a consumer loan company under the provisions of RCW Chapter 31.04. It advertises, solicits, and markets mortgages as a direct lender and/or as a mortgage broker. The company completes loan applications on behalf of borrowers and submits them to one or more lenders, including Defendant as the lender.

9.2    On or about May and June, 2005, as well as in 2004, Quicken sponsored radio advertisements on KIRO radio, and other Seattle, Washington radio stations, television stations, and at its website advertising to consumers the availability of home mortgage loans.

9.3    In its radio advertising Defendant Quicken stated, "When was the last time you heard about a 1.99% interest rate on a mortgage…….. that's just what you can get from Quicken loans with an introductory rate of 1.99%…….with a $200,000 loan your payment would be just $330." In a second advertisement Quicken states, "for rates under 4% call Quicken Loans". In yet another advertisement Quicken states, "for rates under 2% call Quicken Loans."

9.4    On or about October 20, 2004, Plaintiff provided Defendant written notification that its advertisements were misleading and deceptive and in violation of Regulation Z of the Truth in Lending Act. In this communication Plaintiff provided Defendant with the Federal Trade Commission guide to correct advertising of credit. In spite of this notification Defendant Quicken continued with its false and misleading advertising.

COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES - 9

GREGORY P. CAVAGNARO
ATTORNEY AT LAW
11100 NE 8th Street, Suite 340
Bellevue, WA 98004
Tel: (425) 637-2609

9.5   In the course and conduct of advertising and offering credit, Defendant Quicken has represented, expressly or by implication that consumers could obtain a loan through Quicken on specified terms, including, but not limited to:

    A.    a fixed rate and/or fixed payment for the full term of the loan;

    B.    a loan with a specific payment schedule, interest rate, and/or APR;

    C.    a loan in which the APR remains constant throughout its life term;

9.6   In truth and in fact, Quicken's advertisements are in violation of, but not limited to, Regulation Z of the Truth in Lending Act as a result of, but not limited to:

    A.    stating the advertised simple annual or periodic rate more conspicuously than the associated annual percentage rate (APR);

    B.    stating the period of repayment and then failing to disclose:

        1)  the amount or percentage of the required down-payment,

        2)  the terms of repayment including the number, timing, and amount of the payments scheduled to repay the debt;

        3)  that the annual percentage rate (APR) may increase after consummation of the loan when such is in fact the case.

    C.    stating simple annual or periodic rates and failing to disclose the associated annual percentage rate (APR) as well as the fact that such annual percentage rates (APR) may increase after consummation of the loan when such is in fact the case;

    D.    failure to "clearly and conspicuously" state all advertising disclosures required by the Truth in Lending Act.

COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES - 10

GREGORY P. CAVAGNARO
ATTORNEY AT LAW
11100 NE 8th Street, Suite 340
Bellevue, WA 98004
Tel: (425) 637-2609

E.  stating false annual percentage rates (APR's).

This additional information would have been material to consumers in deciding whether to apply for and obtain a loan through Quicken. The failure to disclose, or to disclose adequately, this information in light of the representations made was and is a deceptive practice.

9.7  Defendant's practices constitute unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce in violation of RCW 19. 86.020.

## X. Sixth Cause of Action

10.1  Plaintiff re-alleges paragraphs 1.1 through 9.6 above.

10.2  The contents of the radio, television and website advertising of defendant Quicken was at all time material thereto an unfair and deceptive act or practice in or affecting commerce in violation of RCW Chapter 31.04, et al.

## XI. Seventh Cause of Action

Plaintiff re-alleges paragraphs 1.1 through 10.2 above.

11.1  Seattle Mutual operates as a mortgage broker. It advertises, solicits, markets, and brokers mortgage loans. The company completes loan applications on behalf of borrowers and submits them to one or more lenders.

11.2  In 2004 and 2005 Seattle Mutual sponsored radio advertisements on KIRO, KWJZ and other radio stations in Seattle, on its website, as well as on NWCN television advertising to consumers the availability of home mortgage loans.

COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES - 11

GREGORY P. CAVAGNARO
ATTORNEY AT LAW
11100 NE 8th Street, Suite 340
Bellevue, WA 98004
Tel: (425) 637-2609

12.3    In its radio and television advertisements, Seattle Mutual advertised a $200,000.00 loan "at just 5.86%... with payments of "only $498.00" as well as other representations.

12.4    On or about March 24, 2005, Plaintiff provided a letter to Seattle Mutual informing the defendant that its advertising was misleading and deceptive and demanded that it cease and desist the misleading and deceptive advertising. Defendant received Plaintiff's March 24, 2005 letter, yet it did not cease its misleading and deceptive advertising.

12.5    In the course and conduct of advertising and offering credit (including, but not necessarily limited to, the exhibits attached hereto), Defendant Seattle Mutual has represented, expressly or by implication, that consumers could obtain a loan through Seattle Mutual on specified terms, including, but not limited to:

    A.    a fixed rate or fixed payment for the full term of the loan;

    C.    a loan with a specific payment schedule, interest rate, and/or APR;

    D.    a loan in which the APR remains constant throughout its life term.

12.6    In truth and in fact, Latitude's advertisements are in violation of, but not limited to, Regulation Z of the Truth in Lending Act as a result of, but not limited to:

    A.    stating payment amounts and then failing to disclose:

        1) the amount or percentage of the required down-payment,

        2) the terms of repayment including the number, timing, and amount of the payments scheduled to repay the debt;

        3) the "annual percentage rate," using that term or the abbreviation "APR",

COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES - 12

GREGORY P. CAVAGNARO
ATTORNEY AT LAW
11100 NE 8th Street, Suite 340
Bellevue, WA 98004
Tel: (425) 637-2609

           4)   that the annual percentage rate may increase after consummation of the loan when such is in fact the case.

B.     stating the period of repayment and then failing to disclose:

           1)   the amount or percentage of the required down-payment,

           2)   the terms of repayment including the number, timing, and amount of the payments scheduled to repay the debt,

           3)   the "annual percentage rate," using that term or the abbreviation "APR",

           4)   that the annual percentage rate (APR) may increase after consummation of the loan when such is in fact the case.

C.     stating payment amounts for discounted variable rate mortgages without disclosing the limited term for which they apply,

D.     stating false annual percentage rates (APR's).

12.7   This additional information would have been material to consumers in deciding whether to apply for and obtain a loan through Latitude. The failure to disclose, or to disclose adequately, this information in light of the representations made was and is a deceptive practice.

12.8   Defendant's practices constitute unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce in violation of RCW 19.86.020.

### XIII. Sixth Cause of Action

13.1   Plaintiff re-alleges paragraphs 1.1 through 5.5 above.

COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES - 13

GREGORY P. CAVAGNARO
ATTORNEY AT LAW
11100 NE 8th Street, Suite 340
Bellevue, WA 98004
Tel: (425) 637-2609

13.2    The contents of the radio, website, and television advertising of Defendant Seattle Mutual was at all time material thereto an unfair and deceptive act or practice in or affecting commerce in violation of the provisions of RCW Chapter 31.04, et al.

### XIV. Seventh Cause of Action

14.1    Plaintiff re-alleges paragraphs 1.1 through 13.2 above.

14.2    The Defendants' advertisements referenced herein contain false or misleading statements. Defendants have carefully crafted their advertisements to include only the most attractive aspects of their loan programs so as to give them exceptionally high appeal in order to bait consumers to their respective companies. Defendants' advertisements are false or deceptive and their failures to disclose, or to disclose adequately, the required information in light of the representations made either deceived or had the capacity to deceive a substantial segment of potential consumers and injured or likely injured plaintiff and those similarly situated in violation of the Lanham Act ,15 USC § 1125(a) .

### XV. RELIEF SOUGHT

WHEREFORE, Plaintiff requests that this court grant the following relief:

15.1    Award Plaintiff all preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of unfair competition and consumer injury during the pendency of this action and to preserve the possibility of effective final relief.

15.2    For joint and several judgment against the above-referenced Defendants for Plaintiff's monetary damages in an amount to be proven in trial.

15.3    For joint and several judgment against the above-referenced Defendants for Defendant's unjust enrichment in an amount to be proven in trial

COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES - 14

GREGORY P. CAVAGNARO
ATTORNEY AT LAW
11100 NE 8th Street, Suite 340
Bellevue, WA 98004
Tel: (425) 637-2609

15.4   For joint and several judgment against the above-referenced Defendants for compensation for Plaintiff's required corrective advertising.

15.5   For joint and several costs of litigation, including but not limited to Plaintiff's reasonable attorney's fees, costs of litigation.

15.6   For such other and further relief as the Court deems just and equitable, including an increase of the award of damages to an amount equaling three times Plaintiff's actual damages, per RCW 19.86.090.

Dated this 2 day of September, 2005.

By: _____
Gregory Cavagnaro, WSBA No. 17644
Attorney for Plaintiff

COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DAMAGES - 15

GREGORY P. CAVAGNARO
ATTORNEY AT LAW
11100 NE 8th Street, Suite 340
Bellevue, WA 98004
Tel: (425) 637-2609